WARNER, Judge.
On rehearing of the final judgment of dissolution of marriage, the trial court determined that “the husband’s entitlement to any reduction in child support for summer visitation shall be controlled by section 61.30(ll)(g), Florida Statutes (1995).” This appeal challenges the trial court’s subsequent order reducing child support pursuant to that provision. We affirm.
Pursuant to the final judgment of dissolution, the husband and wife agreed to share visitation equally during the summer vacation period. Six months after the denial of rehearing, at the beginning of the summer, the husband moved to reduce child support during his five-week summer visitation period. The husband requested the court to reduce his child support obligation by 50% during this period, as the wife would not have the expenses of feeding, clothing, and providing for the recreation of the children, while the husband would incur those ex *546 penses. After an evidentiary hearing, the court reduced the support payments by 50% for this period.[1] It does not appear that this order was appealed.
A year later, the husband again moved to reduce his child support obligation for the summer vacation period when he had visitation rights with the children, which motion is the subject of this appeal. Specifically, he noted in his motion that the reduction in child support would permit him to send both children to summer camp, which they had attended in past summers. To this, the wife filed a lengthy request to produce substantial financial documentation. The wife objected to the husband’s motion, claiming that it attempted to modify the final judgment without providing financial disclosure. After a hearing on the issue, the court ordered a 50% reduction, which amounted to $1,371.93, in the child support for the summer visitation period. From this order the wife appeals, making two claims. First, she contends that the husband must file a petition for modification and show a substantial and material change in circumstances or financial ability of the parties to obtain the reduction contemplated in section 61.30(ll)(g). Second, because modification is required, she asserts that automatic financial disclosure under Florida Family Law Rule of Procedure 12.285(a) must be made.
Section 61.30(ll)(g) provides, as a consideration of an adjustment to the minimum child support provisions, the following in pertinent part:
If a child has visitation with a noncustodial parent for more than 28 consecutive days the court may reduce the amount of support paid to the custodial parent during the time of visitation not to exceed 50 percent of the amount awarded.
The trial court determined that a request for a temporary reduction, pursuant to the statute, was not a modification within the meaning of either section 61.14, Florida Statutes (1995), or case law. We agree. We find that the Legislature has permitted the court to provide for a temporary reduction of child support where the children reside with the noncustodial parent for at least 28 consecutive days. This was also the effect of the court’s order on rehearing, namely that the husband was entitled to request such relief. Contrary to a modification proceeding where circumstances not contemplated by the final judgment of dissolution may warrant a permanent change in the final judgment, the “summer visitation” temporary reduction is a reduction which a noncustodial parent is statutorily entitled to request. This was clearly contemplated by the trial court judge on motion for rehearing from the original judgment of dissolution when he acknowledged the husband’s entitlement to such a reduction pursuant to the statute.
We do not think that a simple motion for a one month reduction of child support for visitation is a “modification” which must be requested by the full array of pleadings— petition, answer, response, financial discovery and trial. We hold that all that is required to initiate the statutory entitlement to request reduction is a motion and evidentiary hearing at which the custodial parent can offer evidence and contest the reduction and its amount.
We are cognizant of the public perception that over litigation of issues is common, particularly in family law matters. We think that requiring mandatory financial disclosure and the full panoply of pleadings for a request for a “vacation” adjustment of child support permitted under section 61.30(ll)(g) would result in over litigation of the issue. To permit it would defeat the legislative purpose of authorizing relief in these cases, making it too expensive even to ask for such relief.
The trial court heard the motion and gave the wife the opportunity to present evidence on the issue of the reduction. Due process was observed, and we therefore affirm the trial court’s order of reduction.
DELL and KLEIN, JJ., concur.

. At the end of summer vacation the child support returned to the amount specified in the final judgment of dissolution.