COPE, J.
William Weintraub appeals, and Janet Weintraub cross-appeals, the circuit court order approving a report of general master dated May 20, 1998. The report modified the father’s child support obligations. We affirm.
The parties had two children during the marriage and were divorced in 1988. They have shared parental responsibility. The mother is a school teacher. The father is a certified public accountant and had been an insurance agent. In 1996, he received a litigation settlement in excess of $2.7 million. This allowed him to cease working.
The interest and other passive income the father receives on his investments significantly exceeds the amount he previously made from employment. In 1996 the mother moved for an increase in child support. The request was heard by the general master, who ordered an increase. That order was the subject of exceptions before the circuit court, followed by this appeal.
The father first contends that the child support amount should be reduced because the daughters divide their time between his house and the mother’s house. The two homes are a few miles apart. The question of whether to make an adjustment to the child support amount was addressed to the discretion of the general master, after considering the living circumstances and all of the needs involved. The father is well able to pay the award and we see no basis on which to disturb the master’s determination.*
The father contends that he is entitled to a credit under a provision of paragraph 61.30(ll)(g), Florida Statutes (1997), which states, “If a child has visitation with a noncustodial parent for more than 28 consecutive days the court may reduce the amount of support paid to the custodial parent during the time of visitation not to exceed 50 percent of the amount awarded.” The father contends that under this statutory provision, he is entitled to the fifty percent reduction for a summer when one daughter went away to summer camp for *1066 over twenty-eight days, and the other daughter attended high school abroad in the same summer. We disagree. The just-quoted provision applies, by its terms, when a child spends more than twenty-eight consecutive days in the custody of the noncustodial parent. By its terms this provision does not apply where the child goes away for twenty-eight or more days to a summer camp or other away-from-home program.
The father bases Ms argument on Roshkind v. Roshkind, 717 So.2d 545 (Fla. 4th DCA 1998), but he misreads that decision. In Roshkind the father relied on this statutory provision to request a fifty percent reduction of his child support obligation during the one-half of the summer the children stayed with him. “[H]e noted in his motion that the reduction in child support would permit him to send both children to summer camp, which they had attended in past summers.” Id. at 546. The trial court granted the credit and the Fourth District affirmed.
We draw the conclusion that the summer camp referred to in Roshkind was a day camp, not a camp in some distant location. The opinion indicates that during the summer, the mother and father each had a five-week visitation period. The husband “moved to reduce his child support obligation for the summer vacation period when he had visitation rights with the children.... ” Id. (emphasis added). Since the cMldren would be residing with the father for more than twenty-eight days, the trial court was authorized to grant the fifty percent reduction. The father had represented that the savings would be applied to the children’s summer camp, which is necessarily a day camp. The Roshkind decision does not apply in this case, and the master correctly rejected the father’s statutory claim.
The father next contends that, without regard to the interpretation of the statutory provision, he is by virtue of a June 3, 1997 agreed order entitled to a credit against retroactive child support for the payments he made for the 1997 summer camp and 1997 high school abroad. We disagree. The order provided that the father would be responsible for payment, but does not provide for a credit for the father against retroactive child support. We interpret the master’s report as rejecting that claim, and entirely agree.
The father argues that the mother should be required to make an accounting of how she has spent the child support payments she has received. We see no basis on which to revisit the denial of this relief below.
The wife has cross-appealed, contending that the father’s income is higher than the amount found by the master. There was conflicting evidence on how to calculate the father’s income which is now derived from passive investments after his 1996 litigation settlement. The master’s determination is within the evidence and we decline to disturb it.
Affirmed.

 The oldest child became eighteen a month after the master’s report was issued, and the youngest child will reach the age of eighteen later this year.